# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 22-268V

| | |
|---|---|
| KAREN A. BRAMAN,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: August 21, 2025 |

*Howard Scott Gold, Gold Law Firm, LLC, Wellesley Hills, MA,* for Petitioner.

*Rachelle Bishop, U.S. Department of Justice, Washington, DC,* for Respondent.

**DECISION AWARDING DAMAGES**[1]

　　On March 9, 2022, Karen Braman filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barre Syndrome ("GBS") after receiving an influenza ("flu") vaccine on September 22, 2020. Petition at ¶¶ 2, 17. The case was assigned to the Special Processing Unit of the Office of Special Masters.

　　On July 29, 2024, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On August 20, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $152,500.00 for pain and suffering, $5,168.77 for past unreimbursable expenses, and $45,031.95 to satisfy the Commonwealth of Massachusetts Medicaid lien. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award the following compensation:**

    a. **A lump sum payment of $157,668.77, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.**

    b. **A lump sum payment of $45,031.95, representing compensation for satisfaction of the Commonwealth of Massachusetts Medicaid lien, in the form of a check payable jointly to Petitioner and**

> Commonwealth of Massachusetts - CRU
> P.O. Box 417811
> Boston, MA 02241-7811

**Petitioner agrees to endorse the check to the Commonwealth of Massachusetts for satisfaction of the Medicaid lien.**

This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                          **s/Brian H. Corcoran**
                                          Brian H. Corcoran
                                          Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| KAREN A. BRAMAN,<br><br>  Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>  Respondent. | No. 22-268V<br>Chief Special Master Corcoran<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On March 9, 2022, Karen A. Braman ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that receipt of a September 22, 2020 influenza vaccine caused her to suffer Guillan-Barré syndrome. Petition at 1. On July 25, 2024, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report recommending compensation under the Vaccine Act. ECF No. 34. On July 29, 2024, the Court issued its Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 35.

**I.    Items of Compensation**

  **A.    Pain and Suffering**

Respondent proffers that petitioner should be awarded $152,500.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

  **B.    Past Unreimbursable Expenses**

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be

awarded past unreimbursable expenses in the amount of $5,168.77. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

      C.      Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy a Massachusetts Medicaid lien in the amount of $45,031.95, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the Commonwealth of Massachusetts may have against any individual as a result of any Medicaid payments the Commonwealth of Massachusetts has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injury suffered on or about September 22, 2020, under Title XIX of the Social Security Act.

**II.**      **Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through lump sum payments as described below and requests that the Chief Special Master's decision and the Court's judgment award the following:[1]

- A. A lump sum payment of **$157,668.77**, to be paid through an ACH deposit to petitioner's counsel IOLTA account for prompt disbursement to petitioner; and

- B. A lump sum payment of **$45,031.95**, representing compensation for satisfaction of the Commonwealth of Massachusetts Medicaid lien, in the form of a check payable jointly to petitioner and:

        Commonwealth of Massachusetts - CRU
        P.O. Box 417811
        Boston, MA 02241-7811

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future unreimbursed expenses, future lost earnings and future pain and suffering.

Petitioner agrees to endorse the check to the Commonwealth of Massachusetts – CRU for satisfaction of the Medicaid lien.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

*/s/ Rachelle P. Bishop*
RACHELLE P. BISHOP
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
(202) 616-3662
Rachelle.P.Bishop@usdoj.gov

Dated: August 20, 2025

3